DANIEL EDWARDS *v.* STEAMER CAHAWBA et al.

A bill of lading of gas pipes contained this clause, " not accountable for leakage, *rust* or breakage, if properly stowed"—*Held:* That the burden of proof in such a case is upon the carrier to show proper stowage.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Durant & Hornor,* for plaintiff. *Singleton & Clack,* for defendants and appellants.

MERRICK, C. J. " In October, 1857, there where shipped from New York, to plaintiff, as consignee here, on board of the steamship Cahawba, a certain quantity of gas pipes in bundles. Plaintiff claims that the pipes were rusted and that the defendants are responsible. Defendants urge that the exception in the in the bill of lading, (introduced in evidence by plaintiff,) 'not accountable for leakage, *rust,* or breakage, if properly stowed'; throws the burden of proof of the damage having been caused by the negligence or fault of defendants on the plaintiff."

It appears to us, that this defence to the action cannot avail the defendants. The proof is clear, that the iron pipes were injured by salt water, so much so, that at a sale at public auction, ordered by the Port Wardens, they did not bring one-tenth part of their value in a sound condition.

The bill of lading and the duty of the common carrier, obliged him to deliver the merchandize in a sound condition, and were it not for the clause relied upon by defendant, no one would doubt his liability. Under the commercial law, therefore, the facts present *a prima facie* case of responsibility on the part of the common carrier. But it is said that the clause, " not accountable for rust if properly stowed," relieves the carrier from such otherwise apparent liability.

A consideration of the clause, however, shows, that the exception is not absolute, but conditional, viz, *if the goods be properly stowed,* and as the District Judge correctly remarks, " the party invoking the protection of a condition, is obliged to establish it by competent testimony." The burden of proof was, therefore, upon the defendant to show proper stowage.

But there is in the record the testimony of a witness who says, the iron pipes were well stowed. The Judge of the court *a quo,* who heard the witness, seems to have disregarded his testimony, either because it is somewhat in conflict with the testimony of the other witnesses, or because of the supposed interest of the witness.

The record does not enable us to say, that the District Judge erred in his appreciation of the testimony of the witness.

Judgment affirmed.