### THE ISAAC REED.

MONTAGUE et al. v. THE ISAAC REED.

(District Court, N. D. California. August 31, 1897.)

No. 10,906.

1. CARRIERS—BILL OF LADING—BURDEN OF PROOF.

Where the bill of lading under which merchandise is shipped exempts the carrier from liability for damage to the goods "if properly stowed," if the goods are damaged the burden of proving proper stowage is on the carrier.

2. SAME—ACTION FOR NEGLIGENT STOWAGE—DEGREE OF CARE.

In an action to recover for damage to range boilers because of negligent stowage, where the evidence shows that the boilers were stowed in the customary way, and according to the best judgment of experienced stevedores, the fact that if they had been put in crates, or several of them lashed together, the injury sustained might have been avoided, does not make the carrier liable, as he was not required to take such extraordinary precautions.

C. M. Jennings, for libelant.

Andros & Frank, for respondent.

DE HAVEN, District Judge. This is an action to recover damages on account of sundry range boilers and small articles of hardware shipped by the libelant at the port of New York on board the ship Isaac Reed, for carriage to San Francisco, and which the libelant alleges were crushed and broken during such voyage solely by reason of negligent and improper stowage. The bill of lading under which the merchandise was shipped contained this clause: "Vessel not accountable for breakage, chipping, chafing, leakage, rust, or numbers, or for splits or stains in plank, if properly stowed." Under such a contract of carriage, when the goods are damaged, the burden to prove and show proper stowage is on the carrier (Edwards v. The Cahala, 14 La. Ann. 224), and when the carrier has proved proper stowage such a contract exempts him from liability on account of breakage or on account of the other enumerated causes, unless the shipper shall show that the damage might have been avoided by reasonable care upon the part of the carrier. In other words, under such a contract, when the carrier has shown proper stowage, the burden of proof is then cast upon the shipper to show that his goods were damaged by reason of the carrier's negligence; and without proof of such negligence the shipper is not entitled to recover.

The only evidence in this case as to the manner in which the libelant's merchandise was stowed was produced by the claimants, and is contained in the depositions of the master and the first officer of the vessel; and, as each supports the other, a very general summary of the testimony of the first officer is all that need be given here. He testified, in substance, that he had followed the occupation of a

stevedore for ten years in loading and unloading ships at the port of New York, and for about three years of that time was a general foreman in such business; that the ship Isaac Reed was loaded for the voyage upon which she carried the goods which are the subject of this action by an experienced stevedore under the supervision of the witness; that her cargo was carefully stowed, and with reference to the fact that the voyage was to be a long one, as well as one upon which heavy weather might be encountered. The evidence of this witness further shows that the ship met with unusually strong gales upon the voyage, during one of which a portion of the merchandise shipped by the libelant got "adrift," or shifted from the position in which it was originally stowed, and thereby sustained the damage complained of. That this witness was, by reason of his long experience as a stevedore, and his personal knowledge of the manner in which the goods in question were stowed, entirely competent to give evidence upon the general question as to whether such goods were stowed with reasonable care, does not admit of doubt; and that his testimony, in the absence of any evidence tending to contradict it, must be accepted as sufficient proof of the fact that there was proper stowage, is equally clear. The facts testified to by this witness on cross-examination, to the effect that, if the range boilers had been put in crates, or if several of them had been lashed together, so as to form one package, the injury sustained by them might have been avoided, is not sufficient to overthrow the evidence given by him on his direct examination to the effect that there was proper stowage. If the shipper desired the boilers to be packed in crates, it was his duty to deliver them in that condition; and the failure to lash several of the boilers together, even though it should be conceded they would thus have been made more secure, does not necessarily show the absence of reasonable care in the manner in which they were actually stowed. It does not show that any usual precautions were omitted, or that the cargo was not stowed in the customary manner, and according to the best judgment of the mate and of the stevedore, both of whom had experience in the loading of ships. Under the contract in this case the carrier was only required to exercise reasonable and customary skill in stowing the cargo, as contradistinguished from unusual or extraordinary care; and the fact that a portion of the cargo got "adrift," and was damaged, while the ship was laboring and straining during a heavy gale, is not sufficient to show improper stowage, as against the positive testimony of a competent witness that the cargo was stowed with reasonable or customary care; and upon this point I quote, as expressive of my own views, the following from the opinion of Morris, J., in the case of The George Heaton, 20 Fed. 326:

"It cannot be predicted with any reasonable certainty just what character of straining a cargo stowed in the customary and proper manner will withstand. As is the case with seaworthy wooden vessels, which sometimes spring a leak in a rough cross sea, when they have stood the strain of most violent gales, I think it may be quite possible that one cargo, stowed with all reasonable and customary caution, may get adrift, when another, stowed with like precaution, will come safely through the stress of the same storm. All that can be demanded of the shipowner is reasonable and customary skill; and where

It is shown that the injury was sustained during a severe stress of weather, and was the result of it, and there is also affirmative proof of the proper care in stowage, the shipper must sustain the onus of showing by affirmative proof that by proper attention the damage might have been avoided."

The evidence in this case being sufficient to show proper stowage, and there being no claim that the carrier was negligent in any other respect, the claimants are entitled to a decree dismissing the libel. and for their costs. Let such decree be entered.